Keith J. Miller
Bradley A. Suiters
ROBINSON MILLER LLC
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
(973) 690-5400 (Telephone)
kmiller@rwmlegal.com
bsuiters@rwmlegal.com

*Attorneys for Plaintiffs*
*Janssen Pharmaceuticals, Inc. and*
*Janssen Pharmaceutica NV*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANSSEN PHARMACEUTICALS, INC. and JANSSEN PHARMACEUTICA NV, <br><br> *Plaintiffs*, <br> v. <br><br> SUN PHARMACEUTICAL INDUSTRIES LTD. and SUN PHARMACEUTICAL INDUSTRIES, INC., <br><br> *Defendants*. | Civil Action No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **(Filed Electronically)** |

15844130

Plaintiffs Janssen Pharmaceuticals, Inc. ("JPI") and Janssen Pharmaceutica NV ("JPN") (collectively "Plaintiffs" or "Janssen"), for their Complaint against Defendant Sun Pharmaceutical Industries Ltd. ("Sun Ltd.") and Sun Pharmaceutical Industries, Inc. ("Sun Inc.") (collectively, "Defendants" or "Sun"), hereby allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of United States Patent No. 9,439,906 (the "906 Patent").

2. This action relates to the submission of Abbreviated New Drug Application ("ANDA") No. 217818 by Sun Ltd. to the United States Food and Drug Administration ("FDA") seeking approval to market proposed generic versions of JPI's Invega Sustenna® brand products ("Sun's Proposed Generic Products") prior to the expiration of the 906 Patent.

## THE PARTIES

3. JPI is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560.

4. JPN is a corporation organized and existing under the laws of Belgium, having its principal place of business at Turnhoutseweg, 30, B-2340, Beerse, Belgium.

5. On information and belief, Sun Ltd. is a corporation organized and existing under the laws of the Republic of India, having a place of business at Sun House, Plot No. 201 B/1, Western Express Highway, Goregaon (East), Mumbai, Maharashtra, India, 400063.

6. On information and belief, Sun Inc. is a corporation organized and existing under the laws of Delaware, having a place of business at 2 Independence Way,

Princeton, New Jersey 08540 and another place of business at 1 Commerce Drive, Cranbury, New Jersey 08512. Upon information and belief, Sun Inc. is headquartered in Princeton, New Jersey.

7. Upon information and belief, Sun Inc. is a wholly owned subsidiary of Sun Ltd. Upon information and belief, Sun Inc. acts at the direction of, under the control of, and for the benefit of Sun Ltd., and is controlled and/or dominated by Sun Ltd. Upon information and belief, Sun Inc. and Sun Ltd. have at least one officer and/or director in common.

8. Upon information and belief, Sun Inc. is in the business of, among other things: (i) the development and manufacture of generic pharmaceutical products for sale throughout the United States, including throughout the State of New Jersey; (ii) alone or in concert with and/or through its parent and various subsidiaries, including Sun Ltd., the preparation, submission, and filing of ANDAs seeking FDA approval to market generic drugs throughout the United States, including throughout the State of New Jersey; and (iii) alone or in concert with and/or through its parent and various subsidiaries, including Sun Ltd., the distribution of generic pharmaceutical products for sale throughout the United States, including throughout the State of New Jersey.

9. Upon information and belief, Sun Inc. is an agent and/or affiliate of Sun Ltd. and is the authorized United States agent for ANDA No. 217818.

10. On information and belief, Sun Ltd. and Sun Inc. are pharmaceutical companies that develop, manufacture, market, and distribute pharmaceutical products, including generic pharmaceutical products, for sale in the State of New Jersey and throughout the United States.

11. On information and belief, Sun Ltd. is acting on behalf of itself and on behalf of Sun Inc. with respect to Sun's ANDA No. 217818.

## JURISDICTION AND VENUE

12. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 271(e)(2), including an action seeking declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

13. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**Sun Ltd.**

15. This Court has personal jurisdiction over Sun Ltd. because, *inter alia*, Sun Ltd. has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in New Jersey. These acts have led and will lead to foreseeable harm and injury to Plaintiffs in New Jersey. For example, on information and belief, following approval of ANDA No. 217818, Sun Ltd. will, directly or through its affiliates, make, use, import, sell, and/or offer for sale Sun's Proposed Generic Products in the United States, including in New Jersey, prior to the expiration of the 906 Patent.

16. Exercising personal jurisdiction over Sun Ltd. in this district would not be unreasonable given Sun Ltd.'s contacts in this district and this district's interest in resolving disputes related to products to be sold herein.

17. This Court also has personal jurisdiction over Sun Ltd. because Sun Ltd. has purposefully availed itself of the rights and benefits of New Jersey law by engaging in

systematic and continuous contacts with the State of New Jersey. On information and belief, Sun Ltd. regularly and continuously transacts business within New Jersey, either directly or through its affiliates, including by selling pharmaceutical products in New Jersey. On information and belief, Sun Ltd. derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey. Sun's website also states: "Our U.S. headquarters is in Princeton, New Jersey."

18. On information and belief, Sun Ltd., either directly or indirectly through Sun Inc., is in the business of formulating, manufacturing, marketing, and selling generic prescription pharmaceutical drugs that it distributes in New Jersey and throughout the United States.

19. This Court also has personal jurisdiction over Sun Ltd. because, *inter alia*, this action arises from the actions of Sun Ltd. directed toward New Jersey. For example, Sun Ltd.'s counsel sent a letter dated May 28, 2025 to JPI, a corporation with its principal place of business in this Judicial District, stating that Sun Ltd. had submitted ANDA No. 217818 seeking approval to commercially manufacture, use, sell, offer for sale, and/or import Sun's Proposed Generic Products prior to the expiration of the 906 Patent. If Sun succeeds in obtaining FDA approval, it will sell Sun's Proposed Generic Products in New Jersey and other states, either directly or through its affiliates, causing injury to Plaintiffs in New Jersey.

20. Upon information and belief, Sun Ltd.'s acts of preparing and filing ANDA No. 217818 and directing notice of its ANDA submission to Plaintiffs were performed at the direction of, with the authorization of, and with the cooperation, participation, assistance, and, at least in part, the benefit of Sun Ltd.'s subsidiaries, including Sun Inc., based in New Jersey. These are acts with real and injurious consequences giving rise to this infringement

action, including the present and/or anticipated commercial manufacture, use, and/or sale of Sun's Proposed Generic Products before the expiration of the 906 Patent throughout the United States, including in this Judicial District. Because defending against an infringement lawsuit such as this is an essential and expected part of a generic ANDA filer's business, Defendants reasonably anticipate being sued in New Jersey.

21. Sun Ltd. has consented to or did not contest the jurisdiction of this Court in at least the following District of New Jersey actions: *TherapeuticsMD, Inc. et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 2:24-cv-07974-BRM-SDA (D.N.J.); *American Regent, Inc. v. Sun Pharm. Indus. Ltd et al.*, No. 2:24-cv-07810-BRM-CLW (D.N.J.); *Incyte Corp. et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 2:24-cv-06944-JXN-JBC (D.N.J.); *Astellas Pharma Inc. et al. v. Sun Pharm. Indus., Inc. et al.*, No. 2:22-cv-07357-JMV-JSA (D.N.J.); *Orexo AB et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 3:21-cv-17941 (D.N.J.); *Orexo AB et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 3:21-cv-13320 (D.N.J).

22. Sun Ltd. has also purposefully availed itself of the rights and benefits of New Jersey law by suing or filing counterclaims in the District of New Jersey repeatedly. *See, e.g.*, *Cassiopea S.P.A., et al. v. Aurobindo Pharma Ltd., et al.*, 2:24-cv-10734-JKS-JBC (D.N.J.); *TherapeuticsMD, Inc., et al. v. Sun Pharm. Indus. Ltd., et al.*, No. 24-cv-07974-BRM-SDA (D.N.J.); *Astellas Pharma Inc., et al. v. Sun Pharm. Indus., Inc., et al.*, No. 22-cv-7357-JMV-JSA (D.N.J.); *Orexo AB, et al. v. Sun Pharm. Indus. Ltd., et al.*, No. 3-21-cv-17941-ZNQ-DEA (D.N.J.); *Janssen Prods., L.P., et al. v. eVenus Pharms. Lab'ys, Inc., et al.*, No. 1-20-cv-09369-FLW-ZNQ (D.N.J.); *Merck Sharp & Dohme BV, et al. v. Sun Pharm. Indus., Inc., et al.*, 20-cv-3007-CCC-MF (D.N.J.); *Eisai R&D Mgmt. Co., Ltd., et al. v. Sun Pharm. Indus. Ltd., et al.*, No. 19-cv-21857-FLW-DEA (D.N.J.); *Sun Pharm. Indus. Ltd., et al. v. Novartis Pharms. Corp., et*

6

*al.*, No. 2-19-cv-21733-CCC-MF (D.N.J.); *Sun Pharm. Indus. Ltd. v. Pfizer, Inc., et al.*, No. 2-19-cv-09330-KM-SCM (D.N.J.); *Sun Pharm. Indus. Ltd., et al. v. VistaPharm, Inc.*, No. 2-19-cv-07536-SRC-CLW (D.N.J.).

23. In the alternative, this Court has personal jurisdiction over Sun Ltd. because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met.

24. Sun Ltd. has consented to or did not contest venue in patent cases in this Judicial District in at least the following exemplary District of New Jersey actions: *TherapeuticsMD, Inc. et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 2:24-cv-07974-BRM-SDA (D.N.J.); *American Regent, Inc. v. Sun Pharm. Indus. Ltd et al.*, No. 2:24-cv-07810-BRM-CLW (D.N.J.); *Incyte Corp. et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 2:24-cv-06944-JXN-JBC (D.N.J.); *Astellas Pharma Inc. et al. v. Sun Pharm. Indus., Inc. et al.*, No. 2:22-cv-07357-JMV-JSA (D.N.J.); *Orexo AB et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 3:21-cv-17941 (D.N.J.); *Orexo AB et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 3:21-cv-13320 (D.N.J).

25. Venue is proper in this Judicial District for Sun Ltd. pursuant to 28 U.S.C. §§ 1391(c) and 1400(b), including, for example, because Sun Ltd. is a company organized and existing under the laws of the Republic of India and may be sued in any judicial district.

**Sun Inc.**

26. On information and belief, Sun Inc., either directly or indirectly through Sun Ltd., is in the business of formulating, manufacturing, marketing, and selling generic prescription pharmaceutical drugs that it distributes in New Jersey and throughout the United States.

27. On information and belief, Sun Inc. has substantial, continuous, and systematic contacts with New Jersey, including, but not limited to, maintaining a principal place

7

of business in New Jersey and being registered to conduct business in New Jersey. On information and belief, Sun Inc. has active business entity IDs in the State of New Jersey (0100954087, 0100970132, and 0101055400) with a place of business at 2 Independence Way, Princeton, New Jersey 08540 and another place of business at 1 Commerce Drive, Cranbury, New Jersey 08512. On information and belief, Sun Inc. is registered as a manufacturer and wholesaler with the New Jersey Department of Health (5003437).

28.  The Court has personal jurisdiction over Sun Inc. because, *inter alia*, on information and belief, Sun Inc. has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in New Jersey. These acts have led and will lead to foreseeable harm and injury to Plaintiffs in New Jersey. For example, on information and belief, following approval of ANDA No. 217818, Sun Inc. will, directly or through its affiliate Sun Ltd., make, use, import, sell, and/or offer for sale Sun's Proposed Generic Products in the United States, including in New Jersey, prior to the expiration of the 906 Patent.

29.  Exercising personal jurisdiction over Sun Inc. in this district would not be unreasonable given Sun Inc.'s contacts in this district and this district's interest in resolving disputes related to products to be sold herein.

30.  This Court also has personal jurisdiction over Sun Inc. because Sun Inc. has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with the State of New Jersey. On information and belief, Sun Inc. regularly and continuously transacts business within New Jersey, either directly or through its affiliates. On information and belief, Sun Inc. derives substantial revenue from the

sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey.

31.     This Court also has personal jurisdiction over Sun Inc. because, *inter alia*, this action arises from the actions of Sun Inc. directed toward New Jersey, either directly or through Sun Ltd.  For example, Sun Ltd.'s counsel sent a letter dated May 28, 2025 to JPI, a corporation with its principal place of business in this Judicial District, stating that Sun Ltd. had submitted ANDA No. 217818 seeking approval to commercially manufacture, use, sell, offer for sale, and/or import Sun's Proposed Generic Products prior to the expiration of the 906 Patent.  If Sun Ltd. succeeds in obtaining FDA approval, on information and belief, Sun Inc. would sell Sun's Proposed Generic Products in New Jersey and other states, either directly or through its affiliates, causing injury to Plaintiffs in New Jersey.  Furthermore, upon information and belief Sun Inc. is Sun Ltd.'s authorized United States agent with respect to ANDA No. 217818.

32.     Sun Inc. has consented to or did not contest the jurisdiction of this Court in at least the following District of New Jersey actions: *TherapeuticsMD, Inc. et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 2:24-cv-07974-BRM-SDA (D.N.J.); *American Regent, Inc. v. Sun Pharm. Indus. Ltd et al.*, No. 2:24-cv-07810-BRM-CLW (D.N.J.); *Incyte Corp. et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 2:24-cv-06944-JXN-JBC (D.N.J.); *Astellas Pharma Inc. et al. v. Sun Pharm. Indus., Inc. et al.*, No. 2:22-cv-07357-JMV-JSA (D.N.J.); *Orexo AB et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 3:21-cv-17941 (D.N.J.); *Orexo AB et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 3:21-cv-13320 (D.N.J).

33.     Sun Inc. has also purposefully availed itself of the rights and benefits of New Jersey law by suing or filing counterclaims in the District of New Jersey repeatedly.  *See, e.g.*, *Cassiopea S.P.A., et al. v. Aurobindo Pharma Ltd., et al.*, 2:24-cv-10734-JKS-JBC (D.N.J.);

*TherapeuticsMD, Inc., et al. v. Sun Pharm. Indus. Ltd., et al.*, No. 24-cv-07974-BRM-SDA (D.N.J.); *Astellas Pharma Inc., et al. v. Sun Pharm. Indus., Inc., et al.*, No. 22-cv-7357-JMV-JSA (D.N.J.); *Orexo AB, et al. v. Sun Pharm. Indus. Ltd., et al.*, No. 3-21-cv-17941-ZNQ-DEA (D.N.J.); *Janssen Prods., L.P., et al. v. eVenus Pharms. Lab'ys, Inc., et al.*, No. 1-20-cv-09369-FLW-ZNQ (D.N.J.); *Merck Sharp & Dohme BV, et al. v. Sun Pharm. Indus., Inc., et al.*, 20-cv-3007-CCC-MF (D.N.J.); *Eisai R&D Mgmt. Co., Ltd., et al. v. Sun Pharm. Indus. Ltd., et al.*, No. 19-cv-21857-FLW-DEA (D.N.J.); *Sun Pharm. Indus. Ltd., et al. v. Novartis Pharms. Corp., et al.*, No. 2-19-cv-21733-CCC-MF (D.N.J.).

34. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because, on information and belief, Sun Inc. has a regular and established place of business in this district and has committed acts of infringement—e.g., preparing and/or submitting ANDA No. 217818—in this district.

35. Sun Inc. has consented to or did not contest venue in patent cases in this Judicial District in at least the following exemplary District of New Jersey actions: *TherapeuticsMD, Inc. et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 2:24-cv-07974-BRM-SDA (D.N.J.); *American Regent, Inc. v. Sun Pharm. Indus. Ltd et al.*, No. 2:24-cv-07810-BRM-CLW (D.N.J.); *Incyte Corp. et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 2:24-cv-06944-JXN-JBC (D.N.J.); *Astellas Pharma Inc. et al. v. Sun Pharm. Indus., Inc. et al.*, No. 2:22-cv-07357-JMV-JSA (D.N.J.); *Orexo AB et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 3:21-cv-17941 (D.N.J.); *Orexo AB et al. v. Sun Pharm. Indus. Ltd. et al.*, No. 3:21-cv-13320 (D.N.J).

**Sun Ltd. and Sun Inc.**

36. On information and belief, Sun Ltd. and Sun Inc., along with other subsidiaries of Sun Ltd., hold themselves out as a single entity for the purposes of

15844130

manufacturing, selling, marketing, distribution, and importation of generic drug products in New Jersey and throughout the United States.

37. On information and belief, Sun Ltd. and Sun Inc. employ people and maintain a regular and established office in New Jersey, including at least at 2 Independence Way, Princeton, New Jersey 08540 and 1 Commerce Drive, Cranbury, New Jersey 08512.

38. On information and belief, Sun Ltd. and Sun Inc. are agents of each other with respect to formulating, manufacturing, packaging, marketing and/or selling pharmaceutical products throughout the United States and will do the same with respect to the product for which they have sought approval from the FDA in ANDA No. 217818.

39. On information and belief, Sun Ltd. and Sun Inc. are acting in concert with each other with respect to formulating, manufacturing, packaging, marketing, and/or selling pharmaceutical products throughout the United States and will do the same with respect to the product for which they have sought approval from the FDA in ANDA No. 217818.

40. On information and belief, Sun Ltd. and Sun Inc. filed ANDA No. 217818 with the FDA.

41. On information and belief, Sun Ltd. and Sun Inc., alone and/or together with each other as affiliates and/or agents, have committed, or aided, abetted, actively induced, contributed to, or participated in the commission of an act of patent infringement under 35 U.S.C. § 271(e)(2)—including preparing and/or submitting ANDA No. 217818—that has led and/or will lead to foreseeable harm and injury to Plaintiffs, including JPI, which has a place of business in New Jersey.

**THE PATENT-IN-SUIT**

42. On September 13, 2016, the 906 Patent, titled "Dosing Regimen Associated With Long Acting Injectable Paliperidone Esters" was duly and legally issued by the United States Patent & Trademark Office to JPN as assignee. A copy of the 906 Patent is attached as **Exhibit A**.

43. JPI holds approved NDA No. N022264 for paliperidone palmitate extended-release injectable suspension, which is prescribed and sold under the trademark Invega Sustenna®.

44. Pursuant to 21 U.S.C. § 355(b)(1), the 906 Patent is listed in the United States FDA publication titled Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the "Orange Book") as covering JPI's Invega Sustenna® brand paliperidone palmitate extended-release injectable suspension products.

**SUN'S NOTICE LETTER AND OFFER OF CONFIDENTIAL ACCESS**

45. By letter dated May 28, 2025 ("Notice Letter"), Sun Ltd. notified Plaintiffs that it had submitted ANDA No. 217818 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)). The Notice Letter stated that ANDA No. 217818 seeks the FDA approval necessary to engage in the commercial manufacture, use, sale, offer for sale in, and/or importation into the United States, including into the State of New Jersey, of Sun's Proposed Generic Products prior to the expiration of the 906 Patent. On information and belief, Sun Inc. is the authorized United States agent of Sun Ltd. with respect to ANDA No. 217818.

46. In the Notice letter, Sun Ltd. offered confidential access (Offer of Confidential Access, "OCA") to certain confidential information regarding Sun's Proposed

Generic Products. On May 30, 2025, counsel for Plaintiffs contacted Sun Ltd.'s counsel identified on the Notice Letter in an attempt to reach agreement on the terms for confidential access to the Sun ANDA. On June 2, 2025, Plaintiffs sent Sun Ltd.'s counsel a markup of the OCA.

47. Despite multiple emails and a telephone call, Sun Ltd. did not respond to Plaintiffs' proposed mark-up of the OCA until June 16, 2025, when Sun Ltd. categorically rejected Plaintiffs' proposed edits to the OCA without explanation. That same day, Plaintiffs responded by email seeking clarification from Sun Ltd. to determine whether it would be willing to make any changes to the proposed OCA. After multiple prompts from Plaintiffs, Sun Ltd. responded on June 30, 2025 stating it was not willing to negotiate. As of the filing of this Complaint, the parties have not been able to reach an agreement on the terms of the OCA.

48. To date, Sun Ltd. has not provided Plaintiffs with a copy of any portions of ANDA No. 217818 or any information regarding Sun's Proposed Generic Products, beyond the information set forth in the Notice Letter.

49. The limited information relating to Sun's Proposed Generic Products that was provided in the Notice Letter does not demonstrate that Sun's Proposed Generic Products, which Sun Ltd. has asked the FDA to approve for sale in the United States, will not fall within the scope of issued claims of the 906 Patent. On information and belief, Sun's Proposed Generic Products will contain instructions for use that are substantially identical to the instructions for use for Janssen's Invega Sustenna® products, and therefore fall within the scope of the issued claims of the 906 Patent.

## COUNT I:
## INFRINGEMENT OF THE 906 PATENT BY
## SUN'S ANDA FOR INVEGA SUSTENNA®

50. Plaintiffs re-allege paragraphs 1-49 as if fully set forth herein.

51. An actual controversy exists between the parties as to whether Sun's proposed sale of Sun's Proposed Generic Products infringes claims 1-21 of the 906 Patent.

52. In its Notice Letter dated May 28, 2025, Sun Ltd. notified Plaintiffs that it had submitted ANDA No. 217818 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)).  The Notice Letter stated that ANDA No. 217818 seeks the FDA approval necessary to engage in the commercial manufacture, use, sale, offer for sale in, and/or importation into the United States, including into the State of New Jersey, of Sun's Proposed Generic Products prior to the expiration of 906 Patent, which is listed in the Orange Book.  Upon information and belief, ANDA No. 217818 seeks FDA approval to market Sun's Proposed Generic Products prior to the expiration of the 906 Patent.

53. Upon information and belief, Sun Inc. is the authorized United States agent with respect to ANDA No. 217818.

54. Upon information and belief, ANDA No. 217818 includes a Paragraph IV Certification that the claims of the 906 Patent are invalid, unenforceable, and/or not infringed.

55. Upon information and belief, Sun's Notice Letter was sent to Plaintiffs via overnight mail no earlier than May 28, 2025.  The Notice Letter was subsequently received by Plaintiffs, and Plaintiffs are commencing this action within 45 days of the date of receipt of the Notice Letter.

56. Sun's Notice Letter purports to include a Notice of Certification for ANDA No. 217818 under 21 C.F.R. § 314.95(c)(6) as to the 906 Patent.  Sun's Notice Letter did

not include a detailed statement of allegations of non-infringement as to any claims of the 906 Patent.

57. Sun Ltd. has actual knowledge of the 906 Patent, as shown by the Notice Letter. On information and belief, Sun Inc., as authorized United States agent for ANDA No. 217818, has actual knowledge of the 906 Patent.

58. On information and belief, Sun's Proposed Generic Products, if approved and made, used, offered for sale, or sold within the United States, or imported into the United States, will infringe, either literally or under the doctrine of equivalents, claims 1-21 of the 906 Patent under at least one of 35 U.S.C. §§ 271(a), (b), and/or (c).

59. On information and belief, under 35 U.S.C. § 271(e)(2)(A), Sun has infringed claims 1-21 of the 906 Patent by submitting, or causing to be submitted, to the FDA ANDA No. 217818 seeking approval to manufacture, use, import, offer to sell or sell Sun's Proposed Generic Products before the expiration date of the 906 Patent. Upon information and belief, the products described in ANDA No. 217818 would infringe, either literally or under the doctrine of equivalents, claims 1-21 of the 906 Patent under 35 U.S.C. § 271(e)(2)(A).

60. On information and belief, upon approval of ANDA No. 217818, physicians and/or patients will directly infringe claims 1-21 of the 906 Patent by use of Sun's Proposed Generic Products.

61. On information and belief, upon approval of ANDA No. 217818, Sun will take active steps to encourage the use of Sun's Proposed Generic Products by physicians and/or patients with the knowledge and intent that Sun's Proposed Generic Products will be used by physicians and/or patients in a manner that infringes claims 1-21 of the 906 Patent for the pecuniary benefit of Sun. Pursuant to 21 C.F.R. § 314.94, Sun is required to copy the FDA-

approved Invega Sustenna® labeling.  The use of Invega Sustenna® according to its approved labeling meets the elements of claims 1-21 of the 906 Patent.  On information and belief, Sun's Proposed Generic Products meet all the formulation elements of claims 17-21.  On information and belief, Sun specifically intends Sun's Proposed Generic Products to be used according to its proposed labeling in a manner that infringes claims 1-21 of the 906 Patent.  Upon information and belief, Sun will thus induce the infringement of claims 1-21 of the 906 Patent.

62. On information and belief, if the FDA approves ANDA No. 217818, Sun will sell or offer to sell Sun's Proposed Generic Products specifically labelled for use in practicing claims 1-21 of the 906 Patent, wherein Sun's Proposed Generic Products are a material part of the claimed invention, wherein Sun knows that physicians will prescribe and patients will use Sun's Proposed Generic Products in accordance with the instructions and/or label provided by Sun in practicing claims 1-21 of the 906 Patent, and wherein Sun's Proposed Generic Products are not staple articles or commodities of commerce suitable for non-infringing use.  Sun's Proposed Generic Products are specifically designed for use in a manner that infringes claims 1-21 of the 906 Patent.  On information and belief, Sun will thus contribute to the infringement of claims 1-21 of the 906 Patent.

63. On information and belief, the actions described in this Complaint relating to Sun's ANDA No. 217818 were done by and for the benefit of Sun.

64. Plaintiffs will be irreparably harmed by Sun's infringing activities unless those activities are enjoined by this Court.  Plaintiffs do not have an adequate remedy at law.

65. The case is an exceptional one, and Plaintiffs are entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray for the following relief:

      A.      Enter judgment under 35 U.S.C. § 271(e)(2)(A) that Sun has infringed claims 1-21 of the 906 Patent through Sun's submission of ANDA No. 217818 to the FDA to obtain approval to manufacture, use, import, offer to sell, and sell Sun's Proposed Generic Products identified in this Complaint in the United States before the expiration of the 906 Patent;

      B.      Enter judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Sun's commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Sun's Proposed Generic Products identified in this Complaint, prior to the expiration of the 906 Patent, constitutes infringement of one or more claims of the 906 Patent under 35 U.S.C. §§ 271(a), (b), or (c);

      C.      Order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any approval of ANDA No. 217818 be a date that is not earlier than the expiration date of the 906 Patent, or such later date as the Court may determine;

      D.      Order that Sun, its affiliates, officers, agents, servants, and employees, and those persons in active concert or participation with Sun, are preliminarily and permanently enjoined from commercially manufacturing, using, importing, offering for sale, and selling Sun's Proposed Generic Products identified in this Complaint, and any other product that infringes or contributes to the infringement of the 906 Patent, prior to the expiration of the 906 Patent, or such later date as the Court may determine;

      E.      If Sun engages in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Sun's Proposed Generic Products identified in this

Complaint prior to the expiration of the 906 Patent, enter a Judgment awarding damages to Plaintiffs resulting from such infringement with interest;

    F. Declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs their costs, expenses, and disbursements in this action, including reasonable attorneys' fees; and

    G. Award such further and other relief that the Court deems proper and just.

Dated: July 9, 2025

*s/Keith J. Miller*
Keith J. Miller (kmiller@rwmlegal.com)
Bradley A. Suiters (bsuiters@rwmlegal.com
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
(973) 690-5400 (Telephone)
(973) 466-2760 (Facsimile)

*Attorneys for Plaintiffs Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica NV*

*Of counsel:*
Barbara L. Mullin (bmullin@pbwt.com) (*pro hac vice* forthcoming)
Aron Fischer (afischer@pbwt.com) (*pro hac vice* forthcoming)
Andrew D. Cohen (acohen@pbwt.com) (*pro hac vice* forthcoming)
Lachlan Campbell-Verduyn (lcampbellverduyn@pbwt.com) (*pro hac vice* forthcoming)
Matthew B. Weiss (mweiss@pbwt.com) (*pro hac vice* forthcoming)
**PATTERSON BELKNAP WEBB & TYLER LLP**
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000 (Telephone)
(212) 336-2222 (Facsimile)

*Attorneys for Plaintiffs Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica NV*

15844130

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy in this case is not the subject of any action pending in any court, or of any pending arbitration or administrative proceeding, except the following:

*Janssen Pharmaceuticals, Inc. et al. v. Teva Pharmaceuticals USA, Inc.*, No. 2:18-cv-00734-CCC-LDW (D.N.J.);

*Janssen Pharmaceuticals, Inc. et al. v. Mylan Laboratories Limited et al.*, No. 2:19-cv-16484-CCC-LDW(D.N.J.);

*Janssen Pharmaceuticals, Inc. et al v. Pharmascience Inc. et al.*, No. 2:19-cv-21590-CCC-LDW (D.N.J.);

*Janssen Pharmaceuticals, Inc. et al. v. Accord Healthcare, Inc.*, No. 2:22-cv-00856-CCC-LDW (D.N.J.);

*Janssen Pharmaceuticals, Inc. et al. v. Qilu Pharmaceutical Co., Ltd. et al.*, No. 2:24-cv-07094-CCC-LDW (D.N.J.);

*Janssen Pharmaceuticals, Inc. et al. v. Teva Pharmaceuticals USA, Inc. et al.*, No. 25-1228 (C.A.F.C.);

*Janssen Pharmaceuticals, Inc. et al. v. Tolmar, Inc.*, No. 24-1699 (C.A.F.C.)

15844130

| | |
|---|---|
| Dated:  July 9, 2025 | <u>*s/ Keith J. Miller*</u><br>Keith J. Miller<br>Bradley A. Suiters<br>**ROBINSON MILLER LLC**<br>Ironside Newark<br>110 Edison Place, Suite 302<br>Newark, New Jersey  07102<br>(973) 690-5400 (Telephone)<br>(973) 466-2760 (Facsimile)<br><br>*Attorneys for Plaintiffs Janssen Pharmaceuticals, Inc. and Janssen Pharmaceutica NV* |

15844130